### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA J. TREVIZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-1028-SAC |
| | ) |
| DG RETAIL, LLC, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This matter comes before the court upon Defendant DG Retail, LLC's Motion for Sanctions and Memorandum in Support (ECF No. 40). For reasons explained below, the undersigned magistrate judge recommends that this action be dismissed with prejudice.

**I.  Background**

Ms. Trevizo filed this case on January 21, 2014 alleging gender discrimination and retaliatory discharge in violation of Title VII of the Civil Rights Act.[1] Plaintiff was originally represented by counsel, but has been proceeding pro se since August 1, 2014.[2] Defendant, DG Retail, LLC, has previously requested dismissal of this case under Fed. R. Civ. P. 37 for Ms. Trevizo's general lack of participation in discovery and specifically for her failure to attend her noticed deposition.[3] The court denied DG's first Motion to Dismiss, explicitly warning Ms. Trevizo that further failure to comply with court orders, or to participate in discovery would

---

[1] Compl., ECF No. 1.

[2] Order, ECF No. 28 (Plaintiff's counsel requested leave to withdraw because it had been "experiencing substantial difficulty in communicating and attaining information from the plaintiff, resulting in Counsel's inability to represent plaintiff further." Mot. to Withdraw at 1.).

[3] Mot. to Dismiss and Mot. for Sanctions, ECF No. 34.

likely lead to a recommendation that the district judge dismiss the case with prejudice.[4] Thereafter, DG certifies that it has attempted "to contact Plaintiff both by telephone and by mail, Plaintiff has continued to refuse and/or fail to confer regarding her availability for deposition."[5] On October 28, 2014 DG noticed its intent to depose Ms. Trevizo[6] and that notice was served on her on October 31, 2014.[7] Ms. Trevizo did not appear at her second noticed deposition on November 14, 2014 and has not made any attempt to communicate with Defense counsel to reschedule.[8] Ms. Trevizo did not respond to DG's motion.

## II.   Discussion

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), the court may impose sanctions for a party's failure to obey a court order to provide or permit discovery, and such sanctions may include dismissal of the action in whole or in part. Whether to dismiss an action for Rule 37 violations is within the court's discretion.[9] However, "dismissal represents an extreme sanction appropriate only in cases of willful misconduct."[10] Further, "[b]ecause dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'"[11] Factors the court considers when determining if dismissal is an appropriate sanction under the circumstances are: "(1) the degree of actual prejudice to the defendant; (2) the

---

[4] Order, ECF No. 36.

[5] Def. DG Retail, LLC's Mot. for Sanctions and Mem. in Supp. at 2, ECF No. 40.

[6] Notice, ECF No. 38.

[7] Certificate of Service, ECF No. 39.

[8] Def. DG Retail, LLC's Mot. for Sanctions and Mem. in Supp. at 3, ECF No. 40.

[9] *Ehrenhaus v. Reynolds, et al.*, 965 F.2d 916, 920 (10th Cir. 1992).

[10] *Id.*

[11] *Id.* (citing *Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir. 1988)).

amount of interference with the judicial process; . . . (3) the culpability of the litigant; . . .(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . and (5) the efficacy of lesser sanctions."[12] While the court has discretion to dismiss an entire action under Rule 37, it should do so "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. . ."[13] The "factors are non-exhaustive and are not necessarily of equal weight."[14] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[15]

First, the court considers whether DG has suffered actual prejudice. DG argues that Ms. Trevizo's failure to appear for two separate noticed depositions and her failure to communicate with opposing counsel indicates "her inability to appear and /or her [un]willingness to appear at some future date."[16] DG cannot defend against Ms. Trevizo's claims "without the benefit of Plaintiff's sworn testimony prior to trial so that it can identify the specific facts alleged by Plaintiff and obtain the identity of any witnesses to those facts."[17] Further, DG claims the cost and time associated with preparing for Ms. Trevizo's depositions, traveling to her Wichita deposition, and the cost of procuring a court reporter and videographer for each deposition show

---

[12] *Ehrenhaus*, 965 F.2d at 921.

[13] *Id.*

[14] *Anthony v. Alorica, Inc.*, Nos. 08-2437, 08-2438, 2009 WL 4611456, at *5 (D. Kan. Dec. 4, 2009).

[15] *Ehrenhaus*, 965 F.2d at 921 (citing *Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir. 1988) (listing the aggravating factors as the prejudice to the defendant, the interference with the judicial process, and the culpability of the litigant. *Id.* at n. 7)).

[16] Def. DG Retail, LLC's Mot. for Sanctions and Mem. in Supp. at 4, ECF No. 40.

[17] Def. DG Retail, LLC's Mot. for Sanctions and Mem. in Supp. at 5, ECF No. 40.

actual prejudice.[18]  DG claims that Ms. Trevizo is demonstrating her inability or unwillingness to participate in his litigation through her "complete lack of communication – with her previous counsel, with Dollar General's counsel, and with the Court" and that this pattern of behavior will likely "continue to impede the efficient handling of this case."[19]  Although delaying litigation and causing the opposing party to incur unnecessary attorney's fees are aggravating factors, "'isolated instances of noncompliance,' without more, generally are not enough to warrant dismissal."[20]  However, Ms. Trevizo's lack of action in this case has proceeded well beyond "isolated instances of noncompliance;" discovery in this case has been unable to proceed for the last several months.

Next, the court determines whether Ms. Trevizo has interfered with the judicial process.  Ms. Trevizo has wasted resources by failing to appear at her two noticed depositions, she has failed to respond to either of DG's two motions to dismiss, she failed to comply with this court's order requiring her to confer with DG to schedule her second deposition, and she has demonstrated either an inability or refusal to participate in any other form of discovery.  Since the withdrawal of her counsel, she has completely frustrated the judicial process in this case.[21]

Whether Ms. Trevizo is culpable for her inaction is a more difficult question.  However, because she is now a pro se plaintiff, she alone is responsible for participating in discovery.

---

[18] Def. DG Retail, LLC's Mot. for Sanctions and Mem. in Supp. at 4–5, ECF No. 40.

[19] Def. DG Retail, LLC's Mot. for Sanctions and Mem. in Supp. at 5, ECF No. 40.

[20] *Ehrenhaus*, 965 F.2d at 921.

[21] Other courts in this district have found a substantial interference with the judicial process where the court had issued several orders to show cause, the plaintiff routinely failed to meet discovery deadlines, and the plaintiff failed to comply with an order to compel discovery. *Hopkins v. J.C. Penney Co.*, 227 F.R.D. 347, 353 (D. Kan. 2004).  In *Hopkins*, the plaintiff "left the case at the close of discovery in a posture where the case [could not] possibly proceed to the pretrial conference . . . without a completely new scheduling order permitting additional time to conduct discovery." *Id*.  The Tenth Circuit also found interference with the judicial process deserving a dismissal where the party's conduct left unchecked would have left the court without the ability to "administer orderly justice, and the result would have been chaos." *Ehrenhaus*, at 921.

Because she failed to appear at the noticed depositions, and has provided no explanation, the court finds she is culpable for her own failure to attend. The Deposition Guidelines listed on this court's website state that "[a]bsent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places."[22] Defendant did not assert that it attempted to confer with Ms. Trevizo in advance, regarding the time or place of her first noticed deposition, but the court ordered the parties to confer and find a mutually agreeable time to conduct her deposition a second time. DG certifies that it has attempted in good-faith to comply with the rule and that Ms. Trevizo has not been reached by mail or telephone.[23] Although Ms. Trevizo now resides out of state, she filed this action and is solely responsible for her lack of participation.

The fourth factor asks whether the court previously warned the party against whom dismissal is sought that dismissal is a possible sanction for failure to participate in discovery. This court has previously warned Ms. Trevizo of this possible sanction for failure to participate in discovery. Ms. Trevizo was put on notice that she alone is responsible for ensuring that she meet all discovery deadlines, and court orders, and that failure to do so could lead to any of the enumerated sanctions under Rule 37, including recommending dismissal of the entire case to the district judge.[24]

Finally, the court must consider whether lesser sanctions will be effective in this case. The court provided Ms. Trevizo with the opportunity to remedy her lack of participation in discovery when it denied DG's previous motion to dismiss. Since that time, Ms. Trevizo failed

---

[22] U.S. District Court District of Kansas Deposition Guidelines, http://www.ksd.uscourts.gov/deposition-guidelines/.

[23] Def. DG Retail, LLC's Mot. for Sanctions and Mem. in Supp. at 5, ECF No. 40.

[24] Order at 4, ECF No. 36.

to comply with the court's order and failed to appear at a second noticed deposition.  The court finds that the circumstances of this case have risen to a level justifying dismissal.

The federal rules require the court to order a party failing to attend its own deposition, or its attorney "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[25]  This motion was uncontested, so the court finds no substantial justification for Ms. Trevizo's failure to appear at her second noticed deposition.  DG certifies that it made every effort to schedule the deposition at a mutually agreeable time, but that Ms. Trevizo is completely unresponsive.  Under the circumstances, the court finds an award of attorney's fees is required by the rules.  By December 23, 2014, DG shall submit an affidavit detailing its costs incurred as a result of the November 14, 2014 deposition and the costs associated with the preparation of this motion.   Ms. Trevizo has up to and including January 6, 2014 to respond to DG's affidavit.

After careful consideration, the court respectfully recommends that the district judge grant DG Retail, LLC's motion and dismiss this case with prejudice.  A copy of this report and recommendation shall be sent to Ms. Trevizo via certified mail with return receipt requested.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may serve and file written objections to the report and recommendation within fourteen days after being served with a copy.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Defendant DG Retail, LLC's Motion for Sanctions and Memorandum in Support (ECF No. 40), should be granted and this case should be dismissed with prejudice.

**IT IS SO RECOMMENDED.**

---

[25] Fed. R. Civ. P. 37(d)(3).

Dated this 16th day of December, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius___
K. Gary Sebelius
U.S. Magistrate Judge
